FILED

NOT FOR PUBLICATION

FEB 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30183 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00069-DLC |
| v. | |
| JEROME BRUCE SEAMAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted February 18, 2014**

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Jerome Bruce Seaman appeals from the district court's judgment and

challenges the $26,648.99 in restitution imposed following his guilty-plea

conviction for theft from an Indian tribal organization receiving federal grants, in

violation of 18 U.S.C. § 666(a)(1)(A); making false claims, in violation of 18

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 287; and making false writings affecting federal monies, in violation of 18 U.S.C. § 1001(a)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Seaman was an instructor and administrator at a tribal community college, which paid him to attend 12 work-related conferences and reimbursed his travel expenses. Seaman failed to attend the conferences and submitted falsified receipts for reimbursement. The district court awarded the college restitution based on Seaman's total travel expenses and his salary during the period he was traveling.

Seaman contends that the district court should have awarded the college restitution in the amount of the falsified receipts only because he testified that he performed some work-related duties while traveling. "We review factual findings supporting an order of restitution for clear error." *United States v. Yeung*, 672 F.3d 594, 600 (9th Cir. 2012). The district court did not clearly err in finding that Seaman conducted only personal business while traveling, based on its determination that Seaman's testimony was not credible. *See United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008) ("Where testimony is taken, we give special deference to the district court's credibility determinations.").

**AFFIRMED.**

13-30183